Louis R. Martinez, Esq.
Michael Maragoudakis, Esq.
MARTINEZ & RITORTO, P.C.
30 Wall Street, 8th Floor
New York, New York 10005
Tel. (212) 248-0800
*Attorneys for Defendant*
DELTA AIR LINES, INC.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FERDINAND SEGARRA,<br><br>                Plaintiff,<br>  -against-<br><br>DELTA AIRLINES, INC., JOHN DOES 1-10, JANE DOES 1-10, XYZ CORPORATIONS,<br><br>                Defendants. | Case No.:<br><br>**DEFENDANT<br>DELTA AIR LINES, INC.'S<br>NOTICE OF REMOVAL**<br><br>**ECF CASE** |

        Defendant DELTA AIR LINES, INC. (i/s/h/a DELTA AIRLINES, INC.) (hereinafter referred to "DELTA") by its attorneys, MARTINEZ & RITORTO, P.C., for removal of this action from the Supreme Court of the State of New York, Bronx County, to the United States District Court for the Southern District of New York, respectfully shows this Honorable Court:

        1.     The Summons and Verified Complaint in this action were served on DELTA via Corporation Service Company, DELTA's designated New York agent for service of process, on August 15, 2018; a true copy of CSC's Service of Process receipt is attached hereto as Exhibit "A" and made a part hereof.

        2.     True copies of the Summons and Verified Complaint filed on July 24, 2018, are attached hereto as Exhibit "B" and made a part hereof.

3. That the time to answer or otherwise move with respect to the Summons and Complaint has not yet expired.

4. That, upon information and belief, the aforementioned Summons and Verified Complaint have been the first and only pleadings delivered to DELTA in said action.

5. That the above-referenced action is a civil action allegedly arising out of bodily injuries sustained on or about August 25, 2016, when Plaintiff Ferdinand Segarra allegedly tripped, slipped and/or fell while exiting an aircraft at Luis Munoz Marin International Airport in San Juan, Puerto Rico.

6. That thirty days have not yet expired since the action became removable to this Court.

7. That, upon information and belief, Plaintiff Ferdinand Segarra is a resident of the County of New York, State of New York.

8. That DELTA was at all times relevant herein a corporation organized and existing under and by virtue of the laws of the State of Delaware, with its principal place of business in Georgia. DELTA's address is 1030 Delta Boulevard, Atlanta, GA 30354.

9. That upon information and belief, to date, none of the fictitiously named co-defendants in the caption, JOHN DOES 1-10, JANE DOES 1-10, XYZ CORPORATIONS, have been identified or appeared in this action.

10. That, upon information and belief, and based on the Verified Complaint, the matter in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

**BASES FOR REMOVAL**

11. That the basis for removal is that this action is one over which the District Courts of the United States have original jurisdiction by reason of the diversity of citizenship of the parties. Therefore, by virtue of the provisions of Title 28, United States Code, Section 1441(a) and (b)(1), the entire case is one that may be removed to this Court.

12. An alternative basis for removal is that this action is one over which the District Courts of the United States have original jurisdiction by reason of Federal Question Jurisdiction under Title 28, United States Code, Section 1331 on the basis that the Airline Deregulation Act of 1978 (ADA), 49 U.S.C. App. § 1305(a)(1), preempts state law relating to the rates, routes, or services of any air carrier. Plaintiff's claims require the resolution of numerous issues relating to the services of an air carrier, including but not limited to the embarking and/or disembarking of passengers. Therefore, by virtue of the provisions of Title 28, United States Code, Section 1441(b), the entire case is one that may be removed to this Court.

13. An alternative basis for removal is that this action is one over which the District Courts of the United States have original jurisdiction by reason of Federal Question Jurisdiction under Title 28, United States Code, Section 1331 on the basis that the Federal Aviation Act of 1958, 49 U.S.C. § 40101 et seq., implicitly preempts state law standards governing aviation safety and flight operations. Plaintiff's claims require the resolution of substantial questions of federal law, including aviation safety, aircraft operations, and aircraft maintenance. Therefore, by virtue of the

provisions of Title 28, United States Code, Section 1441(b), the entire case is one that may be removed to this Court.

      WHEREFORE, Defendant DELTA respectfully submits that: 1) this Notice complies with the statutory removal requirements; 2) this action should proceed in this Honorable Court as a properly removed action; and 3) that DELTA should have such other and further relief as this Court may deem just and proper.

Dated: New York, New York
       September 6, 2018

                              MARTINEZ & RITORTO, P.C.

                                  /S Louis R. Martinez
                            By _____
                               Louis R. Martínez (LM9155)

                             Michael Maragoudakis, Esq. (MM8088)
                             30 Wall Street, 8th Floor
                             New York, New York 10005
                             (212) 248-0800

                             *Attorneys for Defendant*
                             DELTA AIR LINES, INC.